## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**HENRY L. BENNETT,**
       **Petitioner,**

**v.**                                        **Case No.  3:10cv118/LC/MD**

**WALTER A. MCNEIL,**
       **Respondent.**

_____

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 3).  Petitioner has also filed a "Motion to Hold in Abeyance Pending State Courts [sic] Resolution of Claims."  (Doc. 4).  Respondent has responded in opposition to a stay, and has moved to dismiss the petition with prejudice as time-barred, or, in the alternative, to dismiss the petition without prejudice for petitioner's failure to exhaust any of his claims.  (Doc. 9).  Petitioner has responded in opposition to dismissal.  (Doc. 12).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On August 9, 2006, petitioner was convicted upon jury verdict of Attempted Sexual Battery on a Victim Less Than 12 Years of Age (Count 1), Sexual Battery of a Victim Less Than 12 Years of Age (Count 2), and two counts of Lewd and Lascivious Molestation (Counts 3 and 4), in the Circuit Court of Escambia County, Florida, case number 05-3403. (Doc. 9, Attach. 2, pp. 35-42, 51-59 in ECF; Ex. C, pp. 17-24, 33-41).[1] Petitioner was sentenced to life imprisonment on Count 2, concurrent with 225 months of imprisonment on Count 1, concurrent with two concurrent 5-year terms of imprisonment on Counts 3 and 4. (*Id*.). His convictions and sentences were affirmed on direct appeal in a written opinion issued December 31, 2007. *Bennett v. State*, 971 So.2d 196 (Fla. 1st DCA 2007) (copy at Ex. H).[2]

While petitioner's direct appeal was pending, on January 3, 2007, petitioner filed a Motion to Correct Sentencing Error Under Rule 3.800(b)(2), Florida Rules of Criminal Procedure. (Ex. E). The motion was denied on January 25, 2007. (*Id*.).

On April 7, 2009, petitioner filed a state petition for writ of habeas corpus in the Florida First District Court of Appeal ("First DCA"), alleging his appellate counsel was ineffective. (Ex. J). The petition was per curiam denied on the merits on April 23, 2009. *Bennett v. State*, 10 So.3d 1119 (Fla. 1st DCA 2009) (Table) (copy at Ex. K). Petitioner timely moved for clarification and for a written opinion. (Ex. L). The motion was denied on June 2, 2009. (Ex. M).

On August 10, 2009, petitioner filed a petition for writ of mandamus in the trial court, seeking to compel the state public defender's office to provide copies of all witness deposition transcripts. (Doc. 1, Ex. B). The public defender responded on

---

[1]Hereafter, all references to exhibits will be to those provided at Doc. 9, unless otherwise noted. References to page numbers "in ECF" reflect the page numbers as enumerated in the court's Electronic Case Filing system. Each reference will be followed by the page number of the exhibit filed in paper form.

[2]Petitioner raised two claims on direct appeal: (1) "The Court Erred in Finding the Child Complainant Competent to Testify," and (2) "The Court Erred in Imposing Sentence." (Doc. 9, Ex. F).

December 10, 2009, by providing all deposition transcripts in its file. (*Id*., Ex. E). Accordingly, the mandamus petition was denied on January 12, 2010. (Doc. 9, Ex. A).

On August 31, 2009, petitioner filed a Motion for Substitution and Disqualification of Judge in the trial court. (Ex. O). The motion was denied on September 22, 2009. (*Id*.). Petitioner's appeal of the order was dismissed on January 6, 2010. (Ex. P).

Also on August 31, 2009, petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. Q). On September 22, 2009, the court entered an order striking the motion as facially insufficient, granting petitioner leave to file an amended motion. (Ex. R). Petitioner filed an amended Rule 3.850 motion on October 20, 2009. (Ex. S). That motion is still pending in the trial court.

On May 21, 2010, petitioner filed the instant federal habeas petition. (Doc. 3). The petition presents thirteen grounds for relief – the same claims pending in petitioner's Rule 3.850 proceeding.[3] Contemporaneously with this filing, petitioner filed a motion to hold this case in abeyance pending resolution of the state court proceeding. (Doc. 4).

Respondent moves to dismiss the petition with prejudice as time-barred. (Doc. 9, pp. 4-9). In the alternative, he moves to dismiss the petition without prejudice for lack of exhaustion, arguing further that petitioner is not entitled to a stay. (*Id*., pp. 9- 11).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the

---

[3]Petitioner has removed one claim – that involving counsel's failure to object to an alleged sentencing error.

AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a State-created impediment to his filing existed,[4] that he bases his claims on a right newly

---

[4]Although petitioner argues that the state public defender's conduct – failing to timely provide petitioner with witness deposition transcripts after conclusion of direct appeal – constitutes a State-created impediment cognizable under § 2244(d)(1)(B), that argument is without merit. The Eleventh Circuit has held that the actions of a petitioner's attorney is not the type of State impediment envisioned in § 2244(d)(1)(B), even if the attorney was appointed. *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (rejecting petitioner's argument that the State impeded his timely filing of his § 2254 petition by providing him an incompetent attorney through the Florida counsel registry system); *Webster v. Secretary for Dep't of Corrections*, No. 07-12020, 2010 WL 2595556, at *2-*3 (11th Cir. June 30, 2010) (rejecting petitioner's argument that the State impeded his timely filing of his § 2254 due to his attorney's failure to inform him of the decision on his direct appeal and his "abandonment" of petitioner); *Scott v. Duffy*, 372 Fed. Appx. 61, 63 (11th Cir. Apr. 5, 2010) (holding that attorney's failure to file a direct appeal as directed by petitioner is not the type of State impediment envisioned in § 2244(d)(1)(B)).

recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his convictions became final. *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's convictions and sentences on December 31, 2007. Petitioner did not move for rehearing in the First DCA, nor did he seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court. Respondent contends that petitioner's conviction became final for purposes of § 2244(d)(1)(A) on January 30, 2008, when the 30-day period for seeking discretionary review in the Florida Supreme Court expired. (Doc. 9, pp. 5-6). In support of this contention, respondent argues that because petitioner received a written opinion, he was entitled to seek review of his conviction in the Supreme Court of Florida. (*Id.*, p. 5 (citing Fla. R. App. P. 9.120)). Because he failed to do so, he was not entitled to petition the Supreme Court of the United States for a writ of certiorari, and therefore is not entitled to the 90-day period for filing such a petition. (Doc. 9, pp. 5-6 (citing *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006) (holding that a habeas petitioner's Georgia state court convictions became "final" for purposes of § 2244(d)(1)(A), ten days after the Georgia Court of Appeals affirmed the convictions rather than ninety days after the affirmance, where the petitioner could have sought review during the ten-day period in the Georgia Supreme Court, but failed to do so and, therefore, was not entitled to seek review in the United States Supreme Court))).

Florida Rule of Appellate Procedure 9.030(a)(2) provides six circumstances in which the discretionary jurisdiction of the Florida Supreme Court may be sought to review a decision of a district court of appeal – when the decision:

(i) expressly declare[s] valid a state statute;

(ii) **expressly construe[s] a provision of the state or federal constitution;**

(iii) **expressly affect[s] a class of constitutional or state officers;**

(iv) **expressly and directly conflict[s] with a decision of another district court of appeal or of the supreme court on the same question of law;**

(v) **pass[es] upon a question certified to be of great public importance;**

(vi) **[is] certified to be in direct conflict with decisions of other district courts of appeal.**

**Fla. R. App. P. 9.030(a)(2)(I)-(vi).**

Respondent does not state which provision applied to petitioner's case, and a review of the First DCA's opinion does not indicate that any applied. But the court need not decide that issue, because even assuming to petitioner's benefit that petitioner was <u>not</u> entitled to seek discretionary review in the Florida Supreme Court and therefore <u>was</u> entitled to the 90-day period in which to seek certiorari in the United States Supreme Court, the instant federal habeas petition is still untimely. Giving petitioner those 90 days, his convictions became final on March 31, 2008. Absent any tolling, the federal habeas limitations period expired on April 1, 2009, one year from the day after petitioner's judgment became final. *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Florida Dep't of Corrections*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).

Petitioner is not entitled to any statutory tolling of the limitations period under § 2244(d)(2), because he had no properly filed applications for state postconviction or other collateral review pending during the critical period between March 31, 2008 and April 1, 2009. Therefore, his time for seeking federal habeas review in this court

expired on April 1, 2009.[5]  The instant petition, which was filed on May 21, 2010, is untimely.

The next question is whether petitioner is entitled to equitable tolling. Petitioner requests that this court equitably toll the period between March of 2008, and December 10, 2009, because during that time his trial attorney (the state public defender's office) failed to provide him with pre-trial deposition transcripts of witnesses, despite petitioner's repeated requests.  Petitioner argues that this precluded him from filing a Rule 3.850 motion with the state court in time to toll the AEDPA limitations period.  (Docs. 1, 12).

The United States Supreme Court has held that § 2244's limitations period is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, — U.S. —, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010).  But a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, at 2562 (quotations omitted).  It is the <u>petitioner's burden </u>to establish his entitlement to equitable tolling.  *Id.*, *see also Pace v. Diguglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).

Petitioner argues that he has satisfied his burden by showing that his attorney's failure to provide the transcripts was an extraordinary circumstance over which he had no control.  (Doc. 1, pp. 3-4).  Even if this court were to accept petitioner's theory, he would not be entitled to relief because he has not established the requisite diligence.

Petitioner states in only general terms that "[f]rom March of 2008 until August, 2009 [he] sought records from Public Defender's Office with diligence."  (Doc. 1, p.

---

[5]Although petitioner filed several motions and petitions after April 1, 2009, they did not trigger the tolling benefit of § 2244(d)(2), because they were filed <u>after</u> the limitations period expired. *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

2). But he provides no specific description of the attempts he made, how many he made, or when he made them. His state petition for writ of mandamus filed on August 10, 2009 alleged that petitioner sought the records "[s]ince March of 2008," and referenced an attachment to support that contention. (Doc. 1, Ex. B, p. 2). Petitioner has not provided that attachment or indicated what it contained. The court has conducted its own extensive review of the record. The only document evidencing petitioner's attempt to obtain the transcripts from his trial counsel is a letter dated July 12, 2009, which petitioner attached to his amended Rule 3.850 motion. (Doc. 9, Attach. 12, pp. 71-72 in ECF; Ex. S, Am. Mot. for Postconviction Relief at Exhibit M).

Thus, even if the court credits petitioner with having made an attempt to obtain the transcripts in March of 2008, the record establishes that, at most, he made that <u>single</u> attempt prior to expiration of the federal limitations period on April 1, 2009. Petitioner does not claim, nor does he document, any additional attempts to obtain the records prior to April 1, 2009. His July 12, 2009 letter to his attorney and his August 10, 2009 petition for writ of mandamus were not made until well after the limitations period expired.

But even if petitioner could show he made more attempts than are established in the record, his claim of diligence still fails because the record demonstrates that he could have filed, and did file, his Rule 3.850 motion without the deposition transcripts. Petitioner's amended Rule 3.850 motion was filed on October 20, 2009. (Doc. 9, Attach. 11, p. 41 in ECF; Ex. S, Am. Mot. for Postconviction Relief at 17). Petitioner did not receive the deposition transcripts until December 10, 2009. (Doc. 1, Ex. E, Public Defender's Response to Order to Show Cause). The amended Rule 3.850 motion contained fourteen claims, three of which related to witness depositions: Ground 4 of the Rule 3.850 motion claimed ineffective assistance of counsel based on counsel's failure to impeach the child victim with prior inconsistent statements made in her deposition. (Doc. 9, Attach. 11, pp. 19, 21 in

ECF; Ex. S, Am. Mot. for Postconviction Relief, Ground 4). Ground 7 of the motion claimed ineffective assistance for counsel's failure to depose two potential witnesses: Rev. Clinton and Mrs. Alison Powell. This is obviously a claim that did not involve a deposition transcript. (Doc. 3, Pet. at 7; *see also* Doc. 9, Attach. 11, pp. 26-27 in ECF; Ex. S, Am. Mot. for Postconviction Relief, Ground 7). And Ground 14 of the Rule 3.850 motion claimed that counsel was ineffective for failing to provide the deposition transcripts petitioner had been requesting. In connection with this last claim, petitioner asserted, generally, that counsel's conduct "prejudice[d] his ability to prosecute certain claims against [counsel]," (Doc. 3, Pet. at 10; *see also* Doc. 9, Attach. 11, pp. 36, 39 in ECF and Attach. 12, p. 21-22 in ECF; Ex. S, Am. Mot. for Postconviction Relief, Ground 14 and Mem. of Law at 45-46). No where did petitioner allege that he needed to transcripts in order to <u>file</u> his claims. Further, even after petitioner received the deposition transcripts two months later in December of 2009, he did not amend his Rule 3.850 motion to include any additional claims or allegations based on those transcripts. In light of this record, this court cannot say that the public defender's failure to provide petitioner with the witness deposition transcripts prevented petitioner from filing his motion for postconviction relief, or his present habeas petition, prior to expiration of § 2244(d)'s limitations period.

In sum, contrary to petitioner's general and unsupported assertions that he diligently pursued his rights, and that he was prevented from timely filing by not having the deposition transcripts, because they were "critical records necessary to file [his] postconviction motion" (doc. 12, p. 2), the record demonstrates that petitioner could have, and did, file his motion without those documents. Petitioner has not met his burden of demonstrating his entitlement to equitable tolling. *See, e.g., Pace*, 544 U.S. at 418-19, 125 S.Ct. at 1814-15 (holding that habeas petitioner was not entitled to equitable tolling, where the claims asserted in his state

postconviction relief petition were available to him well before he filed the postconviction petition); *Powe v. Culliver*, 205 Fed. Appx. 729, 734-35 (11th Cir. Sept. 19, 2006) (affirming district court's finding that petitioner failed to establish diligence to support application of equitable tolling based on his attorneys' failure to provide him with a copy of his trial transcript: petitioner's attempt to obtain his transcript consisted of writing only four letters – three to his attorneys and one to the trial judge; (2) petitioner did not seek further help from the trial court, despite his knowledge of the impending deadline; and (3) petitioner could have filed his motion for postconviction relief without his transcript, explaining to the court that he was unable to obtain the transcript from his attorneys);[6] *Neal v. McNeil*, No. 3:09cv23/MCR/EMT, 2010 WL 298294, at *7 (N.D. Fla. Jan. 15 2010) (concluding that habeas petitioner failed to show that his appellate counsel's failure to provide a copy of his trial transcript prevented him from filing a Rule 3.850 motion. The Rule does not require the attachment of transcripts, and despite not having the transcript, the petitioner filed two Rule 3.850 motions.).

## CONCLUSION

The instant petition for writ of habeas corpus is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period. Therefore, the petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order

---

[6]The undersigned cites *Powe v. Culliver* only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss with prejudice (doc. 9) be GRANTED, and the petition for writ of habeas corpus (doc. 3) challenging the convictions and sentences in *State of Florida v. Henry L. Bennett, Jr.*, in the Circuit Court of Escambia County, Florida, case number 05-3403, be DISMISSED WITH PREJUDICE.

2. That petitioner's motion for stay (doc. 4) be DENIED.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 8th day of November, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.** **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** **A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** ***See*** **28 U.S.C. § 636;** ***United States v. Roberts***, **858 F.2d 698, 701 (11th Cir. 1988).**